**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF MISSOURI**
**ST. JOSEPH DIVISION**

| | | |
|---|---|---|
| JEREMY D. DESPAIN, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | No. 03-6057-CV-SJ-FJG |
| | ) | |
| TONY GAMMON, Superintendent, | ) | |
| | ) | |
| Respondent. | ) | |

## ORDER

Currently pending before the Court is a Petition for a Writ of Habeas Corpus filed by petitioner pursuant to 28 U.S.C. § 2254. Petitioner, who is confined at the Moberly Correctional Center, Moberly, Missouri, filed this federal petition pursuant to 28 U.S.C. § 2254 on May 20, 2003[1] to challenge his August 16, 1996 conviction for robbery in the first degree, which was entered by the Circuit Court of Buchanan County, Missouri, pursuant to his guilty plea. Petitioner raises two grounds for relief: 1) denial of due process in that a hearing was not held regarding the results of a mental exam and 2) failure to receive adequate assistance of counsel.

Respondent contends that the petition should be dismissed as untimely pursuant to 28 U.S.C. § 2244(d)(1), because more than one year has passed from the date that petitioner's conviction became final on August 26, 1996 (ten days after the date of sentencing) and the date that petitioner filed his federal petition on May 20, 2003.

"A 1-year period of limitation shall apply to an application for a writ of habeas

[1] The Writ appears to have been signed on March 28, 2003, but was not actually filed with the Court until May 20, 2003.

corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from . . . the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review[.]" 28 U.S.C. § 2244(d)(1)(A). 28 U.S.C. §2244(d)(2) provides that the time during which petitioner had a properly filed application for state post-conviction or other collateral review pending shall not be counted toward any period of limitation under Section 2244(d).

Under Missouri law, "[a] judgment in a criminal case . . . becomes final for purposes of appeal when sentence is entered, . . . and an appeal must be filed within ten days thereafter. . . . The same time limit applies to those cases where an appeal is permitted from a guilty plea." State v. Harris, 863 S.W.2d 699, 700 (Mo.Ct. App. 1993)(citations omitted). Because petitioner was sentenced on August 16, 1996, his conviction became final on August 26, 1996, when the time for seeking direct review thereof expired pursuant to Mo.Sup.Ct.R. 30.01(d).

Respondent contends that the tolling provisions of 28 U.S.C. § 2244(d)(2) do not apply to the facts of this case because even though petitioner filed a post-conviction motion, he did not file it until February 2003 and it was denied as untimely on February 25, 2003. Ordinarily, the time during which a properly filed post-conviction motion is pending would toll the statue of limitations, but in this case, the post-conviction motion was filed well outside the one year limitations period. Thus, respondent contends that the petition should be dismissed as untimely because at the latest, the petition should have been filed on or before August 26, 1997, a year after his conviction became final. The petition in this case was not filed until May 20, 2003, over five years out of time.

Petitioner's counsel failed to file a traverse responding to the arguments raised by respondent. On January 10, 2005, the Court order petitioner's counsel to file a

traverse. Instead, petitioner's counsel filed a Motion to Withdraw, stating that he is now inactive and has moved out of state and can no longer practice law in the Western District of Missouri. Petitioner's counsel states that he notified petitioner and his family that he is now inactive and has requested that they retain replacement counsel. On February 28, 2005, the Court issued an Order advising petitioner that he must retain replacement counsel or file a traverse himself by March 18, 2005 or the Court would rule on his petition on the pleadings currently on file. Petitioner failed to respond to the Order.

Accordingly, after reviewing the Petition and the Response from Respondent, the Court hereby **ORDERS** that the Petition for Writ of Habeas Corpus is **DISMISSED** with prejudice as barred by the statute of limitations set forth in 28 U.S.C. § 2244(d)(1) and (2). The Motion to Withdraw filed by petitioner's counsel is hereby **GRANTED** (Doc. # 6).

Date: May 31, 2005
Kansas City, Missouri

**S/ FERNANDO J. GAITAN, JR.**
Fernando J. Gaitan, Jr.
United States District Judge